Daniel Cooper
1731 N Street, Apt 12
Sacramento, CA 95811
(916 534-0155
dicooper@msn.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL COOPER, | Case No.: |
| Plaintiff, | |
| vs. | COMPAINT |
| DOD DEFENSE COMMISSARY AGENCY, | |
| Defendant | |

Case: 1:20−cv−02349 JURY DEMAND
Assigned To : Sullivan, Emmet G.
Assign. Date : 8/14/2020
Description: Employ. Discrim. (H−DECK)

Plaintiff Daniel Cooper was a part time Store Worker with the Defense Commissary Agency, and brings this action against the Department of Defense under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Cooper alleges that the Department of Defense retaliated against him for his prior whistleblower complaint and discriminated against him on the basis of his national origin, race, and age by creating a hostile work environment.

Cooper alleges Store Director Donald Mitchell improperly dismissed his attempts at career advancement while being an active advocate for others that were not in a protected class. Despite a positive referral to a full-time, Store Worker position Daniel Cooper was never hired because of these same discriminatory tactics. The plaintiff endured adverse employment actions in the form of performance evaluations that misrepresented his effort and contributions to the Department of Defense. Cooper alleges that he was discouraged from using working hours to complete required training and that he was forced to sign for training, that wasn't actually completed.

The Report of Investigation corroborates at least part of Cooper's claim that adequate time for training for the position was not allotted and tolerated by the Defense Commissary Agency, Rota Store management. The sum of the interactions between Daniel Cooper and management sited in the Equal Opportunity of Employment process would further hold up to the burden of prima facie of harassment after considering his humiliating exit. In what should have been a celebration of a promotion, upon learning of his imminent inter-departmental transfer, Rota Store Management seized Cooper's Common Access Credentials, work boots and smock and denied his wife and child access to the base illegally.

COMPAINT - 1



RECEIVED

AUG  14  2020

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

1   During the entirety of the 18 months Cooper complained of the verbal abuse and ill treatment that

2   he received at the hands of various managers.  Those racist forays were also echoed in the E.E.O.C. Report of

3   Investigation that apologetically amended the questionable written testimony of Donald Mitchell and ignored a

4   reasonable person that might contribute to prima facie.  A different Store Worker in the Commissary for the same

5   duration as Cooper wrote "I think it was about race" in his affidavit, Section 72f, question 42, referring to reasons

6   for Cooper's discrimination claim.  It should also go without saying that the Department of Defense should not be

7   bolstering or perpetuating racist statements that reinforce the negative stereotypes of Black people as being shiftless,

8   lazy, and negligent of their offspring.

9   The Department of Defense only added to racism that gradually became apparent to Cooper after

10  meeting Donald Mitchell on or about December 27, 2017 when he intimated knowledge of Deputy Store Manager

11  Micah Richardson's affair with a direct subordinate.  Cooper alleges that Donald Mitchell created a fiefdom

12  whereby transgressions and merits would only be considered by racist degrees.  White employees like Micah

13  Richardson continued unabated, but Cooper suffered for doing his job and for reporting suspected fraud.  The only

14  other white Store Worker Kippy Rauser was also a Veteran and over forty, like Cooper, and he enjoyed a steady 40

15  hours per week with little oversight.

16  Another Store Worker Andrew Cruz did not identify with the protected class, and he was sent

17  back to the United States for training despite being part-time and in a similar situation as Cooper.  In the month

18  preceding the departure of Andrew Cruz in a similar Department of Defense transfer he enjoyed the privilege of not

19  being responsible for any particular aisle plus an increase in hours worked.  On the other hand, Cooper only had his

20  hours reduced over the span of his employment and he was forced to maintain responsibility for an aisle.

21  Cooper was subject to an extraordinary and unnecessary amount of scrutiny during his tenure at

22  Rota Commissary.  Cooper contends that his treatment was not comparable to others, nor was it equitable.

23  Interactions between Grocery Manager Shirley Magwood and Cooper appear remarkably combative given the

24  twenty hours per week that Cooper spent working.  Stress from the continuous mistreatment by Shirley Magwood, a

25  Black employee, and other managers at the store were contributing factors to Cooper requiring emergency medical

26  treatment in July of 2019.

27  Cooper also alleges that Shirley Magwood improperly directed him to complete work above the

28  level of his paygrade and then summarily discounted his efforts in performance evaluations while apparently taking

COMPAINT - 2

credit for his work.  In JUNE of 2018 Cooper conducted survey engineering studies and produced hand drawn schematics of the lighting system and security lighting system to Shirley Magwood.  Despite notifying his immediate supervisor Assistant Grocery Manager Pedro Nacionales, Cooper never received recognition or credit for his work nor was it noted in his Performance Evaluations.

Cooper has alluded to irrefutable evidence in his affidavit that would confirm irregularities with the manner in which he was evaluated, but there has not been an effort of discovery on behalf of the Department of Defense.  The Department of Defense also has not properly explored reasons why Cooper was limited to working on the weekends, so exclusively. The Department of Defense did not advertise for Cooper's Store Worker position to work exclusively on the weekends and to limit one employee arbitrarily in such a manner is against the law.  Furthermore, limiting Cooper to a weekend only schedule unfairly limited his ability to train and advance with his peers.

The plaintiff submits the Final Agency Decision issued by the EEOC on June 23, 2020, and the Report of Investigation as they are relevant to this complaint.  The ROI contains the initial complaint that was filed with the EEOC on February 13, 2019 in which the plaintiff has identified the ways in which he was discouraged from employment because of his complaints.  The plaintiff received an extension and has since filed an appeal of the Final Agency Decision with the EEOC under case number 2020004004.

Cooper accuses his Senior Rating Official Shirley Magwood, Micah Richardson and Donald Mitchell of engaging in a conspiracy to give him unfavorable schedules and low marks on performance evaluations. The Department of Defense discriminatory practice that was allowed to thrive and perpetuated in the only meaningful legal record deprived the plaintiff of his civil rights and severely altered his family life.  Among the facts of the case, we implore the court to consider that adequate time be afforded for discovery during this stifling pandemic.   The plaintiff is seeking renumeration in the amount of $42,000; medical damages in the amount of $100,000; and $17,858,000 in compensatory damages.  The plaintiff deserves the chance to bring these charges to a jury for the first time, as the previous complaint mechanism did not allow.

Dated this 14 day of August, 2020.



Daniel Cooper
Digitally signed by Daniel Cooper
Date: 2020.08.14 09:17:07 -07'00'

_____
Plaintiff

COMPAINT - 3